1
                                                        Hon. Robert J. Bryan
2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
9                                AT TACOMA

10   DENISE J. McMAHON,

11              Plaintiff,                    Civil No. C05-05357-RJB

12        v.                                  ORDER GRANTING DEFENDANT'S
                                              MOTIONS FOR SUMMARY
13   HEWLETT-PACKARD COMPANY,                 JUDGMENT AND DISMISSAL FOR
                                              FAILURE TO PROSECUTE
14              Defendant.

15

16                            **I. MOTIONS**

17        This matter came before the Court on the motion for summary judgment of defendant

18   Hewlett-Packard Company with regard to the three claims alleged by plaintiff Denise J. McMahon

19   of wrongful termination because of federal grand jury service, disability discrimination contrary to

20   Washington state law, and termination contrary to Washington state public policy.  Defendant HP

21   also submitted a separate motion to dismiss plaintiff's claims for failure to respond to discovery

22   requests and to appear for her rescheduled deposition.

23                             **II. FACTS**

24        Plaintiff Denise J. McMahon worked for Hewlett-Packard Company from November

25   1978 until her termination in August 2004.  She initially worked in Santa Rosa, California, and then

26   transferred to HP's Vancouver, Washington, facility in 1992.

ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 1

SEADOCS:217218.1

1    In February 2002 Robyn Walker became plaintiff's manager in the Vancouver
2    facility. In August 2002 plaintiff received a summons to appear for federal grand jury service in the
3    Western District of Washington, beginning in September 2002 for a term of 18 months, with jury
4    service for two days a week in Seattle, Washington, every other week. Defendant HP permitted
5    plaintiff McMahon to take the necessary time to perform her federal grand jury service for the 18
6    months. Plaintiff received her regular HP salary during her jury service.

7    Plaintiff's performance evaluation done by Walker in February 2003 was not
8    satisfactory, although the relationship between plaintiff and Walker remained positive.

9    In November 2003 plaintiff was granted a personal leave of absence to address a
10   serious family situation. Plaintiff remained on the leave of absence until late January or early
11   February 2004. During plaintiff's leave, defendant HP discovered that plaintiff improperly used her
12   HP corporate credit card to charge over $2600 in personal items. Plaintiff was counseled about this
13   by Walker and repaid the charges.

14   In February 2004 plaintiff was evaluated again on her job performance and received
15   her second unsatisfactory evaluation by Walker. Plaintiff was placed on a formal performance
16   improvement plan beginning March 1, 2004.

17   Plaintiff's federal grand jury service ended in Spring 2004. Thereafter, plaintiff was
18   off work in May 2004 for less than two weeks due to a medical condition and returned to work on
19   May 17, 2004, without restriction for her position at HP.

20   Walker concluded in August 2004 that plaintiff did not meet the terms of her
21   probation plan and recommended her termination. HP concurred in the recommendation and
22   plaintiff was terminated on August 16, 2004, for continued poor performance and failure to meet the
23   terms and conditions of her probation and performance improvement plan.

24   After filing her lawsuit, during a deposition plaintiff stated that her opinion as to why
25   Walker's attitude toward her may have changed was that Walker felt that plaintiff was supporting
26

ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 2

SEADOCS:217218.1

1   her husband in a serious personal family matter when she should have been supporting her children

2   in that situation.   Plaintiff neither opined nor produced any evidence of other reasons for her

3   termination by defendant HP.

4   <h3 align="center">III. <u>FAILURE OF DISCOVERY</u></h3>

5          The present action was filed in this Court on June 2, 2005.  The Court's pretrial

6   scheduling order of September 28, 2005, required all discovery to be completed by January 17, 2006.

7   Plaintiff's deposition was partially taken by defense counsel on November 8, 2005.   After this

8   deposition plaintiff's counsel filed a motion to withdraw, which was granted by this Court in its

9   Order of December 6, 2005.

10          After her counsel had withdrawn and she was proceeding *pro se*, defendant sent

11   plaintiff on December 9, 2005, a deposition notice for her continued deposition, set for January 13,

12   2006, and also sent her requests for the production of documents and interrogatories.  Plaintiff did

13   not appear for her scheduled deposition on January 13, 2006, without explanation, nor did she

14   respond in any way to defendant's interrogatories and requests for production of documents.

15   Defendant advised plaintiff by letter dated January 17, 2006, that it would be moving to dismiss her

16   claims for not responding to discovery, and gave her until January 27, 2006, to advise defendant as

17   to her position on discovery.  Plaintiff did not respond prior to the filing of defendant's motion on

18   February 8, 2006.

19   <h3 align="center">IV. <u>MOTION FOR SUMMARY JUDGMENT</u></h3>

20          A.      **Summary Judgment**.  Fed. R. Civ. P. 56 authorizes a party against whom a

21   claim is asserted to move for summary judgment as to all such claims.  The purpose is to avoid

22   unnecessary trials when there is no dispute as to the material facts before the Court.  <u>Zweig v. Hearst</u>

23   <u>Corp.</u>, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025 (1975).  Where the defendant advances

24   evidence confirming the lack of any material facts in dispute, the plaintiff must establish specific

25

26
ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 3

1    facts demonstrating existence of each element essential to the plaintiff's case in order to create a

2    genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

3            In the present case plaintiff has failed to advance evidence demonstrating any issue of

4    material fact as to each of her claims.  Therefore, based on the analysis set forth below, each of those

5    claims shall be dismissed with prejudice.

6            B.      **Federal Grand Jury Service**.  Federal law prohibits discharge of an employee

7    by an employer for serving on a federal grand jury.  28 U.S.C. § 1875.  But this statute does not

8    guarantee employment regardless of employee conduct during the term of the jury service.  Rogers

9    v. Comprehensive Rehabilitation Associates, 808 F. Supp. 493, 499 (D. S.C. 1992).  There is no

10   evidence that any improper action was taken against plaintiff because of her federal grand jury

11   service.  Plaintiff attended all sessions of the grand jury proceedings, and defendant continued to pay

12   her regular salary.  Defendant has advanced a non-discriminatory reason for plaintiff's termination,

13   poor job performance, and plaintiff has produced no evidence suggesting this reason is a pretext.

14   Accordingly, defendant is entitled to summary judgment on plaintiff's claim of discrimination

15   because of grand jury service.

16           C.      **State Disability Discrimination Claim**.  Plaintiff claims a violation of

17   Washington state law, RCW 49.60.180, because of alleged discrimination based on disability.

18   Plaintiff has advanced no evidence to suggest what her alleged disability is, or the action by

19   defendant in response thereto which is improper.

20           Under Washington state law, there are two types of disability claims:  failure to

21   reasonably accommodate, as established by medical necessity, and disparate treatment because of an

22   employee's condition.  Riehl v. Foodmaker, Inc., 152 Wn.2d 138, 145-48, 94 P.3d 930 (2004). Even

23   assuming that plaintiff had a temporary disability in November 2003 or May 2004 which had a

24   substantially limiting effect on her ability to perform her job, Pulcino v. Federal Express, 141 Wn.2d

25   629, 640-44, 9 P.3d 787 (2000), defendant has submitted evidence showing that during those

26

ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 4

1   temporary disabilities plaintiff was reasonably accommodated by leaves of absence and that she

2   returned to work without any limitation.  Accordingly, defendant is entitled to summary judgment on

3   the claim of disability discrimination for failure to accommodate.

4           On the second potential disability claim of discrimination based on disparate

5   treatment, plaintiff has advanced neither any medical evidence of a disability nor discrimination

6   against her because of a disability.   Defendant, however, has produced evidence of a

7   nondiscriminatory reason, poor job performance, for plaintiff's termination, and plaintiff has failed

8   to meet her burden of presenting any evidence that the nondiscriminatory reason is pretextual.

9   <u>Pulcino</u>, 141 Wn.2d at 639.  Accordingly, defendant is entitled to summary judgment on plaintiff's

10  claim of disability discrimination.

11          D.       **Public Policy**.   Plaintiff's complaint fails to make clear the alleged

12  Washington state public policy that she claims was violated by her termination.  Under Washington

13  state law, courts should proceed cautiously in declaring a public policy or breach thereof.  <u>Blinka v.

14  Wash. State Bar Ass'n</u>, 109 Wn. App. 575, 586, 36 P.3d 1094 (2001).  To set forth a claim for

15  breach of state public policy four elements must be established:  the existence of a clear state public

16  policy; that the policy would be jeopardized if the claim is not separately recognized because there is

17  no other means to protect the policy; that the state public policy-linked conduct caused plaintiff's

18  termination; and that the defendant is unable to offer over any justification for the termination.

19  <u>Gardner v. Loomis Armored</u>, 128 Wn.2d 931, 941, 913 P.2d 377 (1996); <u>Sedlacek v. Hillis</u>, 145

20  Wn.2d 379, 393, 36 P.3d 1014 (2001).

21          Plaintiff has failed to establish the existence of a clear Washington state public policy

22  breached by her termination.  Defendant, however, has produced evidence that plaintiff was lawfully

23  terminated for poor job performance.  Accordingly, defendant is entitled to summary judgment on

24  plaintiff's claim of wrongful termination in breach of public policy.

25

26

ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 5

1        **V. <u>FAILURE TO RESPOND TO DISCOVERY</u>**

2        Even if the Court had not concluded that defendant's motion for summary judgment

3    should be granted, as described above, the Court would dismiss plaintiff's complaint for failure to

4    prosecute and respond to discovery.

5        The fact that a plaintiff is proceeding *pro se* does not diminish her responsibilities and

6    obligations under the Federal Rules of Civil Procedure.  Plaintiff has failed to proceed with the

7    prosecution of her claim or to respond to discovery, including the continuation of her deposition,

8    before the discovery cutoff date of January 17, 2006.  Fed. R. Civ. P. 41(b) authorizes dismissal for

9    failure to comply with the federal rules or to prosecute an action.  <u>Martin v. Metropolitan Museum of</u>

10   <u>Art</u>, 158 F.R.D. 289, 292-93 (S.D.N.Y. 1994).  In addition, Fed. R. Civ. P. 37(d) provides for the

11   sanction of dismissal when the plaintiff abandons the prosecution of her action.  <u>Carter v. Prince</u>

12   <u>George's County</u>, 155 F.R.D. 128, 130 (D. Md. 1994).

13       Plaintiff's deposition was continued from November 8, 2005, and timely re-noted on

14   December 9, 2005, for January 13, 2006, which gave plaintiff over a month to prepare and to make

15   herself available.  Even though plaintiff was proceeding *pro se*, her failure to appear for her

16   deposition is a basis for dismissal with prejudice.  <u>Bobal v. Rensselaer Polytechnic Institute</u>, 916

17   F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991).  The sanction of dismissal also is

18   appropriate where plaintiff fails to answer written discovery, as plaintiff McMahon has done in this

19   case.  <u>Robison v. Transamerica Ins. Co.</u>, 368 F.2d 37, 39 (10th Cir. 1966).

20       Plaintiff failed to attend her re-noted deposition, failed to answer written discovery,

21   and she failed to respond to attempts at further communication from defendant regarding this

22   discovery, which was to be completed by January 17, 2006.  This failure to communicate was the

23   reason given by plaintiff's former counsel in submitting their motion to withdraw, which this Court

24   granted on December 6, 2005.  The Court concludes that plaintiff abandoned her action by her

25   failure to prosecute and respond to discovery, which has caused prejudice to defendant in its ability

26

1   to prepare for and defend the claims alleged against it by plaintiff.  For these reasons, even if the

2   Court had not concluded that defendant's motion for summary judgment on all claims should be

3   granted, independently, all of plaintiff's claims should be dismissed with prejudice because of her

4   failure to prosecute and to respond to discovery in a timely fashion.

5   **VI.  <u>ORDER</u>**

6          Based on the above, the Court hereby grants the motion for summary judgment by

7   defendant Hewlett-Packard and dismisses plaintiff Denise J. McMahon's claims for (1) wrongful

8   termination because of plaintiff's federal grand jury service; (2) disability discrimination contrary to

9   Washington state law, RCW 49.60.180; and (3) wrongful termination contrary to Washington state

10   public policy.

11          Independent of the granting of defendant's summary judgment motion, the Court in

12   the exercise of its discretion dismisses with prejudice plaintiff's claims for failure to prosecute and

13   failure to respond to defendant's discovery requests.

14          Defendant Hewlett-Packard Company is awarded its statutory costs and fees.

15          **IT IS SO ORDERED, and this case is DISMISSED.**

16          The Clerk of the Court is directed to send uncertified copies of this decision to the

17   parties and counsel of record.

18          DATED this 22nd day of March, 2006.

19

20

21

22   ROBERT J. BRYAN
      United States District Judge

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT - 7

SEADOCS:217218.1